## Case No. 24-1192

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

PAUL E. COOK,

    Plaintiff,

v.

WARREN SCREW PRODUCTS, INC.,

    Defendant.

District Case No. 22-cv-11494
District Judge Hon. Nancy G. Edmunds

| | |
|---|---|
| Carla D. Aikens (P69530)<br>Austen J. Shearouse (P84852)<br>CARLA D. AIKENS, P.L.C.<br>Attorneys for Plaintiff<br>615 Griswold St., Ste. 709<br>Detroit, MI 48226<br>(844) 835-2993<br>carla@aikenslawfirm.com | Courtney L. Nichols (P75160)<br>John S. Gilliam (P81421)<br>PLUNKETT COONEY<br>Attorneys for Defendant<br>38505 Woodward Ave., Ste. 100<br>Bloomfield Hills, MI 48304<br>(248) 901-4000<br>cnichols@plunkettcooney.com<br>jgilliam@plunkettcooney.com |

### APPELLANT PAUL COOK'S REPLY TO APPELLEE'S BRIEF ON APPEAL

    Appellant reasserts and restates the facts, law, and arguments contained in his brief on appeal as if fully set forth herein. Appellee argues Plaintiff failed to

show he was disabled, that he was qualified or able to perform the essential job functions of his role, and that Defendant's proffered reason was purely pretextual.

Defendant's actions, not its words, were determinative of whether or not it **regarded** Plaintiff plaintiff as disabled. *Milholland v. Sumner Cnty. Bd. Of Educ.*, 569 F.3d 562 (6th Cir. 2009) (emphasis added). Defendant admits in its own brief that it attempted to accommodate Mr. Cook, meaning it did regard him as disabled in some form. (*See* Doc. 20 at pg. 39). "Second Defendant did offer Plaintiff an accommodation despite his not even asking for one….". *Id*. An employer would not offer an accommodation to an employee unless it saw him as disabled. The very action of offering an accommodation, as Defendant claims was not requested, is based upon Defendant's own perceptions of Mr. Cook's ability at that time. Thus, Defendant's actions show it regarded him as disabled in accordance with *Milholland*.

As to Mr. Cook's qualifications, Tom Shelton testified that attendance, local pickups, local drop-offs, inspecting parts, keeping the bay clean, weighing parts, pallet maintenance, and other such responsibilities "inside the plant" were essential to Mr. Cook's position. (ECF No. 19-2 at PageID 506, 512). In fact, Mr. Cook's Saturday work did not involve deliveries. *Id*. at PageID 506. Simply put, Mr. Cook's position had several responsibilities and many of those could have been performed by Plaintiff even with his disability as shown by the success of his

Saturday in the office. *Id*. This explanation by Mr. Shelton further supports in inadequate nature of Defendant's "accommodation" offer because it focused solely on deliveries rather than the plethora of other essential job functions. Whether a job function is esential os generally a question of fact. *Brickers v. Cleveland Bd. of Educ.*, 145 F.3d 846, 849 (6th Cir. 1998); *Hoskins v. Oakland Cnty. Sheriff's Dep't*, 227 F.3d 719, 726 (6th Cir. 2000).

Plaintiff fully set forth the pretext issue in his brief on appeal in Section (A)(iv). The differences between the two sides' arguments on pretext are based upon factual interpretations of the events such as the keys and gas card. Such interpretations would assuredly create a genuine issue of material fact on the meaning of the events surrounding Mr. Cook's termination.

Plaintiff further reiterates the failure to accommodate and retaliation argument set foth in his brief on appeal in Section (B) and (C) respectively.

## CONCLUSION

WHEREFORE, Plaintiff, Paul E. Cook, requests the is Honorable Court enter an order vacating the district court's Order Granting Defendant's Motion for Summary Judgment, remand the matter back to the district court, and such other relief as deemed necessary and appropriate.

Dated: September 25, 2024

                                                Respectfully submitted,
                                                /s/ *Carla D. Aikens*

<div style="text-align: right;">
CARLA D. AIKENS, P.L.C.<br>
Carla D. Aikens (P69530)<br>
*Attorneys for Plaintiff*<br>
615 Griswold Street, Suite 709<br>
Detroit, Michigan 48226<br>
Tel: (844) 835-2993
</div>

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 5,398 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

Dated: September 25, 2024                                        Respectfully submitted,

<div style="margin-left: 50%;">
/s/ *Carla D. Aikens*_____<br>
CARLA D. AIKENS, P.L.C.<br>
Carla D. Aikens (6296269)<br>
*Attorneys for Plaintiff*<br>
615 Griswold Street, Suite 709<br>
Detroit, Michigan 48226<br>
Tel: (844) 835-2993<br>
Fax: (877) 454-1680
</div>

## PROOF OF SERVICE

On the date below, the undersigned certifies that a copy of the foregoing instrument was served upon all interested parties in the captioned matter via the Court's e-service system at the email addresses provided by said parties to the Court.

Dated: September 25, 2024

/s/ Carla D. Aikens