**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Kelly L. Stephens | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: March 27, 2025

Ms. Carla D. Aikens
Law Office
615 Griswold Street
Suite 709
Detroit, MI 48226-3900

Mr. Jeffrey Charles Gerish
Plunkett Cooney
38505 Woodward Avenue
Suite 100
Bloomfield Hills, MI 48304

Mr. Austen Shearouse
Demorest Law Firm
322 W. Lincoln Avenue
Royal Oak, MI 48067

Re: Case No. 24-1192, *Paul Cook v. Warren Screw Products, Inc.*
Originating Case No. : 2:22-cv-11494

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosures

Mandate to issue

Case 2:22-cv-11924-NGE-JJCD ECF No. 26-2, PageID.4017/21/25, Page 3 of 14 (3 of 14)

NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0170n.06

Case No. 24-1192

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| PAUL E. COOK,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>WARREN SCREW PRODUCTS, INC.,<br><br>    Defendant - Appellee. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN<br><br>OPINION |

FILED
Mar 27, 2025
KELLY L. STEPHENS, Clerk

Before: BOGGS, GIBBONS, and NALBANDIAN, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Defendant Warren Screw Products, Inc. ("Warren") hired plaintiff Paul Cook to work as a delivery truck driver. After six days on the job, Cook called in sick because of a stomach bug. For the next two weeks, he stayed at home. But the company needed to continue making deliveries, so it asked Cook to return the truck keys. Cook informed the company that he had left the keys onsite. When Cook returned to pick up his paycheck, the company told him that he was fired.

Cook sued Warren, asserting claims for discrimination and retaliation under the Americans with Disabilities Act (ADA). The district court granted summary judgment for Warren, finding that Cook's temporary stomach bug was not a disability under the ADA. The district court also found that Cook failed to establish a prima facie case of retaliation because he did not engage in protected activity.

Because Cook failed to offer evidence that Warren illegally discriminated or retaliated against him, we affirm.

I.

In September 2021, Cook applied for a position as a local delivery driver with Warren. Tom Shelton, a manager at Warren, interviewed Cook for the position. During the interview, Shelton told Cook that the hours were "7:00 to 5:00, Monday through Friday" with an "occasional[]" Saturday. DE 16-3, Cook Dep., Page ID 156. When Shelton asked Cook how he felt about working on Saturdays, Cook responded that he "d[id]n't mind working a Saturday now and then." *Id.* Cook's understanding was that he would work Monday through Friday and then an "occasional Saturday." *Id.* at 157. Shelton hired Cook.

Cook started the job the following Monday. On Thursday of that week, he began to experience diarrhea and stomach cramps. Cook told Shelton that he did not feel well and was experiencing stomach issues. The two briefly discussed whether Cook had eaten anything that day (he had not), and then Cook left Shelton's office and went back to work. Cook wanted to give Shelton a "heads-up" about how he was feeling, but he did not ask if he could leave work for the day. *Id.* at 161. Instead, he spent the rest of the workday running "in and out of the bathroom" between deliveries. *Id.* at 159. As Cook described, completing deliveries with a stomach bug "was rough." *Id.* at 168. To keep up, he had to "load the truck, go to the bathroom, get in the truck, deliver, go to the bathroom at [a] stop, another stop, come back, unload, deliver, go to the bathroom." *Id.*

Cook returned to work the next day, though he continued to feel sick. At the end of the workday, Shelton told Cook that he expected him to work the following day—a Saturday—and every Saturday going forward. Cook responded: "[N]o, that's not what you said. You asked me

Case 2:22-cv-11494-NGE-JJCase: D2o4c-u1m19e2nt N2o6-2, PFailgeedI:D 043/2277/2201623 503Pa/2g5e: 5Page 5 of 14 (5 of 14)

No. 24-1192, *Cook v. Warren Screw Products, Inc.*

how . . . I feel about working on Saturdays, and I told [you] I don't mind working a Saturday now and then." *Id.* at 164. Shelton insisted, however, that he had told Cook that he needed to work every Saturday. The issue was important to Cook because "one of the main reasons" that he took the job with Warren was because he believed that he would not have to work every Saturday. *Id.*

Despite the disagreement, Cook returned to work on Saturday. Although he did not have to make any deliveries, he spent the morning "in and out of the bathroom at the facility" because of his diarrhea. *Id.* at 166. Cook went home around noon.

While driving to work the following Monday, Cook had unexpected diarrhea. He called in sick and texted Shelton, explaining that he still had a stomach bug and would not be at work that day. Cook called in sick again the next day and texted Shelton. Shelton said that he would inform the company's human resources representative, Ciara Kane.

On Wednesday, Cook saw his doctor who prescribed him antibiotics. His doctor also wrote him a note stating that he had seen Cook that day and that Cook could return to work in one week. Cook texted Shelton, saying that he would bring the doctor's note to work next week. Shelton replied, "[p]ls maintain all future updates" with Kane. DE 16-13, Page ID 434.

The following Monday, Cook saw his doctor again because he was still not feeling well. His doctor told him to keep taking the antibiotics and wrote him another note stating that Cook could return to work in one week. Cook emailed a picture of the note to Kane with the message: "Please let me know if you get this. Thank you." DE 16-8, Page ID 282.

Kane called Cook and asked if he could work a limited schedule to get a few "mandatory runs" completed. The company had been relying on "expeditors and other services" while Cook had been out sick, but it was becoming costly. Cook rejected the proposal, explaining that he would not work "unless there's a toilet in the truck."

- 3 -

No. 24-1192, *Cook v. Warren Screw Products, Inc.*

The next day, Kane emailed Cook, confirming receipt of his doctor's note. She noted, however, that the company needed the "truck keys and gas card back ASAP. We can not hold off on the position[']s job duties until 10/10/2021." DE 16-8, Page ID 279. Cook replied, "I'm assuming I'm fired?" DE 16-11, Page ID 358. Kane clarified that the company had not yet made a "final decision" regarding Cook's employment status, but, in the meantime, it needed the "company property in order to continue business operations while we come to a decision." *Id.* at 357. Cook said that the keys were in his desk, and the gas card was in the truck. Kane asked why Cook had left the items there. Cook responded that Shelton had told him to put them there.[1]

On Friday, Cook drove to the facility to give Kane his new doctor's note and to pick up his paycheck. When he arrived, he told Kane that he was feeling better and would be coming to work the following Monday, his scheduled return date. Kane responded: "[W]e don't need you anymore," and fired him. DE 16-3, Cook Dep., Page ID 201.

Cook then sued Warren, alleging that the company fired him because of his disability and in retaliation for seeking a reasonable accommodation. Warren moved for summary judgment, which the district court granted. Cook timely appealed.

II.

Cook argues that the district court erred in granting summary judgment for Warren on his discrimination and retaliation claims. We review a district court's grant of summary judgment de novo. *Hedrick v. W. Rsrv. Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004). Summary judgment for Warren is appropriate if, after drawing all reasonable inferences in favor of Cook, "there is no

---

[1] For his part, Shelton denies that he told Cook to leave the truck keys in the desk. He claims that he would not have asked Cook to leave the truck keys near the entrance (where employees come in and out) and that drivers usually keep the keys with them. Because Cook is the nonmoving party, however, we must view the evidence and draw all reasonable inferences in his favor. *See Hostettler v. Coll. of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018).

- 4 -

No. 24-1192, *Cook v. Warren Screw Products, Inc.*

genuine issue as to any material fact" and Warren is "entitled to a judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)).

III.

The ADA bars an employer from discriminating against an employee based on disability. 42 U.S.C. § 12112(a). Discrimination includes a failure to make reasonable accommodations. *Id.* § 12112(b)(5)(A). The ADA also prohibits retaliation. *Id.* § 12203(a).

A.

Because Cook provides no direct evidence of discrimination, we analyze his disability discrimination claims under the *McDonnell Douglas* burden-shifting framework. *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). To make out a prima facie case, Cook must show that (1) he has a disability, (2) he was "otherwise qualified for the position, with or without reasonable accommodation," (3) he "suffered an adverse employment decision," (4) his employer "knew or had reason to know" of his disability, and (5) he was replaced or his position remained open. *Williams v. AT&T Mobility Servs. LLC*, 847 F.3d 384, 395 (6th Cir. 2017) (citation omitted).

The district court found that Cook was not disabled, failing the first element of his prima facie case. On appeal, Cook argues that the district court's ruling was erroneous because a reasonable juror could conclude that he was disabled and that he established each of the remaining elements.

A "disability" under the ADA is "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Cook argues that a reasonable juror could find that he was disabled under the first or third definitions.

- 5 -

No. 24-1192, *Cook v. Warren Screw Products, Inc.*

*Actual disability.* An individual is actually disabled when the individual has an impairment that "substantially limits one or more major life activities." *Id.* § 12102(1)(A). Working is a major life activity. *Id.* § 12102(2)(A). Cook's stomach bug certainly made it harder for him to make deliveries. But a plaintiff is not disabled simply because he cannot perform a "discrete task or a specific job." *Booth v. Nissan N. Am., Inc.*, 927 F.3d 387, 394 (6th Cir. 2019). A plaintiff is disabled when his impairment limits his ability to perform an entire "class of jobs or [a] broad range of jobs." *Id.* (citation omitted). Cook does not explain how his stomach bug limited his ability to perform *all* delivery driver jobs or even a broad range of delivery driver jobs. In fact, he does not even argue that he could not perform *his* job.

Cook instead relies on *Shields v. Credit One Bank, N.A.*, a Ninth Circuit decision holding that a temporary, serious disability may suffice under the first prong. 32 F.4th 1218, 1227 (9th Cir. 2022). But the plaintiff's alleged impairment in *Shields* was far more severe than Cook's stomach bug. After suspecting that she might have bone cancer, the plaintiff had bone biopsy surgery, "a significant procedure that required a three-day hospitalization." *Id.* at 1220.

The *Shields* plaintiff also alleged that she could not perform several major life activities. After her surgery, she could not "fully us[e] her right arm, shoulder, and hand to lift, pull, push, type, write, tie her shoes, or use a hair dryer." *Id.* Her post-surgery condition also substantially limited her in "sleeping, lifting, writing, pushing, pulling [and] manual tasks." *Id.* (alteration in original). Although she recovered after about two months, the Ninth Circuit concluded that her alleged impairment qualified as an actual disability. *Id.* at 1227. Besides work, Cook does not explain how his stomach bug limited a major life activity, such as his digestive or bowel functions. 42 U.S.C. § 12102(2)(B).

- 6 -

No. 24-1192, *Cook v. Warren Screw Products, Inc.*

During oral argument, Cook's counsel emphasized that federal regulations now provide that a temporary impairment can constitute a disability. Under the regulations, a temporary impairment is a disability if it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii); *see id.* § 1630.2(j)(1)(ix) ("The effects of an impairment lasting or expected to last fewer than six months can be substantially limiting within the meaning of this section."). Those regulations were issued in response to the ADA Amendments Act of 2008 (ADAAA), which expanded the scope of disability coverage under the ADA. *See* 42 U.S.C. § 12102(4) (mandating that the "definition of disability . . . shall be construed in favor of broad coverage of individuals" and "to the maximum extent permitted"). Thus, an impairment need not be "permanent or long-term" to constitute a disability, as the Supreme Court had held before 2008. *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 196 (2002) (citation omitted); *see Hostettler v. Coll. of Wooster*, 895 F.3d 844, 848–49 (6th Cir. 2018) (explaining that after "years of court decisions narrowly defining who qualifies as an individual with disabilities," Congress enacted the ADAAA "to invalidate those decisions and to 'restore the intent and protections of the Americans with Disabilities Act'" (quoting Pub. L. No. 110-325, 122 Stat. 3553)).

But the regulations also make clear that "not every impairment will constitute a disability." 29 C.F.R. § 1630.2(j)(1)(ii). So although the temporary nature of Cook's impairment is not dispositive, he must still show that it substantially limited a major life activity. 42

- 7 -

No. 24-1192, *Cook v. Warren Screw Products, Inc.*

U.S.C. § 12102(1)(A). Because he failed to do so, Cook was not actually disabled under the ADA.[2]

*Regarded-as-disabled.* To establish that he was regarded as disabled, Cook must show either that: (1) Warren "mistakenly believed" that Cook had a limiting impairment when he did not, or (2) Warren believed that Cook had a limiting impairment "when that impairment, in fact, was not so limiting." *Talley v. Fam. Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1106 (6th Cir. 2008).

Cook argues that Warren regarded him as disabled because Kane asked Cook to return to work on a reduced-hour schedule. He reasons that, although the offer was insufficient as a reasonable accommodation, it shows that Warren did in fact regard Cook's impairment as sufficiently limiting.

Cook's argument falls short for several reasons. For one, his doctor's notes contained no information about his medical condition or the severity of his symptoms. And Kane's offer for a reduced-hour schedule does not show that she viewed Cook as disabled; it shows that she believed that Cook could, at a minimum, work part-time. *See Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 810 (6th Cir. 1999) ("[A] defendant employer's perception that health problems are adversely affecting an employee's job performance is not tantamount to regarding that employee as disabled.").

Regardless of whether Kane perceived Cook as disabled, an employee cannot be regarded as disabled under the ADA when his impairment was merely "transitory and minor." 42

---

[2] Cook also argues that he was actually disabled because this case is distinguishable from *Hrdlicka v. General Motors, LLC*, an ADA case affirming summary judgment for the employer. 63 F.4th 555 (6th Cir. 2023). But in *Hrdlicka*, the issue before the court was whether the employer was on notice of the plaintiff's alleged disability—not whether the plaintiff was disabled. *See id.* at 567–68. *Hrdlicka* therefore does not shed light on whether Cook was actually disabled.

- 8 -

No. 24-1192, *Cook v. Warren Screw Products, Inc.*

U.S.C. § 12102(3)(B). Cook's stomach issues were precisely the kind of transitory and minor impairment that does not fit within the ADA's "regarded as disabled" provision. Because they lasted for less than two weeks, they were transitory.[3] *Id.* (defining transitory impairments as those lasting six months or less); *see White v. Interstate Distrib. Co.*, 438 F. App'x 415, 420 (6th Cir. 2011) ("There is no question that White's impairments are transitory, as his doctor expected his restrictions to be in effect for only a month or two."). They were also minor, much like the common cold or flu. *See Lewis v. Fla. Default L. Grp., P.L.*, No. 10-CV-1182-T-27EAJ, 2011 WL 4527456, at *6 (M.D. Fla. Sept. 16, 2011) (analogizing virus causing diarrhea to common cold and finding that it fell under "transitory and minor" exception).

Cook also seeks to distinguish *Milholland v. Sumner County Board of Education*, this court's decision determining that an employee was not regarded as disabled under the ADA because the employer only knew generally about the employee's illness. 569 F.3d 562, 567–68 (6th Cir. 2009). Cook emphasizes that, unlike the employer in *Milholland*, Warren tried to alter Cook's work schedule, suggesting that it regarded him as disabled. That distinction is irrelevant here, however, because Cook's impairment was transitory and minor. Cook has therefore failed to show that he was either actually, or regarded as, disabled under the ADA.[4]

---

[3] The six-month "transitory" part of the "transitory and minor" exception only applies to "regarded as" coverage and does not apply to "actual disability" coverage. 42 U.S.C. § 12102(3)(B); *see* 29 C.F.R. § 1630.2(j)(1)(ix) (clarifying the same). In other words, an impairment expected to last less than six months can substantially limit an individual in a major life activity, making the individual actually disabled. *Id.*

[4] For this reason, Cook's failure-to-accommodate claim is similarly without merit. *See Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 869 (6th Cir. 2007) (requiring showing that plaintiff was "disabled," among other elements).

Without a disability, Cook cannot establish a prima facie case of discrimination.[5]  Thus, the district court did not err in granting summary judgment on Cook's disability discrimination claim.

B.

Cook's retaliation claim fares no better.  To establish a prima facie case of retaliation under the ADA, a plaintiff must show that she engaged in a protected activity, that her employer knew about it, and that the employer took adverse action against her because she engaged in the protected activity.  *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 510 (6th Cir. 2016).  Cook contends that he engaged in protected activity, which includes requesting a reasonable accommodation. *A.C. ex rel. J.C. v. Shelby Cnty. Bd. of Educ.*, 711 F.3d 687, 698 (6th Cir. 2013).  He argues that his two doctor's notes were, in effect, requests for an accommodation—"time to recover and then [to] address any lasting issues going forward."  CA6 R. 19-1, Appellant Br., at 25–26.  It is true that, under certain circumstances, a medical leave of absence may constitute a reasonable accommodation.  *Blanchet v. Charter Commc'ns, LLC*, 27 F.4th 1221, 1230 (6th Cir. 2022).  Cook's doctor's notes, however, were not requests for medical leave.  And even if they were, the requests would not be reasonable.  In evaluating the reasonableness of an accommodation request, we consider "the amount of leave sought" as well as "the nature of the employee's prognosis, treatment, and likelihood of recovery."  *King v. Steward Trumbull Mem'l Hosp., Inc.*, 30 F.4th 551, 562 (6th Cir. 2022).  Cook sought two weeks off after only six days on the job.  *Cf. Cehrs v. Ne. Ohio Alzheimer's Rsch. Ctr.*, 155 F.3d 775, 783 (6th Cir. 1998) (considering employee's

---

[5] Because Cook failed to make out a prima facie case of disability discrimination, we need not address whether Warren had a legitimate, nondiscriminatory reason for firing Cook or whether that justification was mere pretext for discrimination.  *See Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1048 (6th Cir. 1998).

- 10 -

No. 24-1192, *Cook v. Warren Screw Products, Inc.*

medical leave request reasonable where employee "had not required an extended medical leave during the last eight years"). And his doctor's notes lacked any information about his medical condition or treatment. Thus, assuming Cook's doctor's notes were requests for medical leave, the requests were not reasonable under the circumstances.

Cook also argues that Warren failed to offer him modified job responsibilities, like cleaning the bays and checking parts. But Cook cites no evidence that he requested a modified working arrangement. And when Kane asked if Cook could return on a reduced-hour schedule, he declined the offer. By abandoning the "interactive process," Cook lost the right to claim failure to accommodate. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 840 (6th Cir. 2018) ("For employees seeking accommodations, 'the interactive process is mandatory, and both parties have a duty to participate in good faith.'" (citation omitted)).

Because Cook did not make a good faith request for a reasonable accommodation, he did not engage in protected activity, an essential element of a retaliation claim. The district court did not err in granting summary judgment on Cook's retaliation claim.

IV.

For the foregoing reasons, we affirm the judgment of the district court.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 24-1192

PAUL E. COOK,

    Plaintiff - Appellant,

v.

WARREN SCREW PRODUCTS, INC.,

    Defendant - Appellee.

FILED
Mar 27, 2025
KELLY L. STEPHENS, Clerk

Before: BOGGS, GIBBONS, and NALBANDIAN, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk